# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FELIX and JACK PHELPS, individuals, | Case No. 1:13-cv-561-SKO |
| Plaintiffs, | **ORDER ON PLAINTIFF'S MOTION TO COMPEL** |
| v. | (Doc. No. 38) |
| THE STATE OF CALIFORNIA, DEPARTMENT OF DEVELOPMENTAL SERVICES, OFFICE OF PROTECTIVE SERVICES, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiffs Robert Felix and Jack Phelps filed this action on April 17, 2013, alleging claims against the State of California, the Department of Developmental Services, and the Office of Protective Services. On July 17, 2013, the Court dismissed Plaintiff Phelp's Title VII claim for harassment based on race or national origin and struck certain allegations and arguments from the complaint. (Doc. 17.)

On November 15, 2013, the Court signed a stipulation for protective order and protective order agreed to by the parties, which comprehensively protected medical records and information and personnel files or documents. (Doc. 29, 1-2.) Under the terms of the protective order, such

documents would be marked "CONFIDENTIAL" and "the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of this action, and for no other purpose[,]" disclosed or made available only to counsel or their retained experts, and sensitive personal identifying information would be redacted.  (Doc. 29, 2-3.)

Defendant Department of Developmental Services ("Defendant" or "DDS") filed a Motion to Compel the City of Exeter / Exeter Police Department ("City of Exeter")[1] to comply with a Subpoena Duces Tecum on September 17, 2014.  (Docs. 38 and 39.)  Defendant contends it served a valid subpoena on the City of Exeter to produce documents, and asks the Court to order the City of Exeter to comply, with a proposed modification moving the location of production to the City of Exeter's personnel file storage facility.

Plaintiff Felix has not moved to quash or modify the subpoena, and declined to file an opposition to Defendant's Motion to Compel.  On October 28, 2014, having reviewed Defendant's Motion and supporting documentation, the Court determined the matter was suitable for decision without oral argument pursuant to Local Rule 230(g), vacated the hearing set for October 29, 2014, and the matter was taken under submission.

For the reasons set forth below, Defendant's Motion to Compel the City of Exeter / Exeter Police Department to Comply is GRANTED with the modified location of production.

## II.   BACKGROUND

### A.   Allegations of the Complaint

Plaintiff Felix ("Felix") is a Hispanic male who is over 40 years old and at all times relevant to this case was employed as a Special Investigator I by the DDS in Porterville, California.  He alleges that over the course of several years, DDS employees harassed and retaliated against him, and that the Defendant failed to prevent or remedy this discrimination and retaliation.

Specifically, Felix alleges that as a result of the harassment and retaliatory actions taken

---

[1] Defendant also served a subpoena on Sue Enterline, L.C.S.W., for Felix's mental health records.  (Doc. 39.) Since the Motion was filed, Ms. Enterline complied with the subpoena, and Defendant has withdrawn the Motion as moot.  (Doc. 40.)

against him by Defendant's employees, he suffered and will continue to suffer mental and emotional suffering and distress, (Doc. 19, ¶¶ 15, 17, 28, 34, 73, 90, 101, 112, 121-22, 128-29, 135-36, 143-44, 151, 157-58,) and has lost past, present, and future income and benefits. (Doc. 19, ¶¶ 91, 100, 111, 121, 150, 157.)

**B.     Defendant's Request for Production of City of Exeter's Personnel Records**

In his first amended complaint, Felix alleges that he has suffered and will suffer harm from Defendant's discrimination and retaliation in the form of lost wages and other past and future benefits, as well as lack of ability to advance his career.  (Doc. 19, ¶¶ 90, 111, 128, 135, 150.) During the Equal Employment Opportunity Commission ("EEOC") investigation of his complaints against the Defendant, Felix claimed Defendant's conduct had "severely affected both his personal and professional life."  (Doc. 38, Horst Decl., ¶2, Exhs. A and B.)  Felix went off work in 2011 and filed a disability retirement application due to his sight issues (Doc. 38, Horst Decl., ¶¶ 3, 4), which he attributes to the physical effects of the stress and strain he allegedly suffered as a consequence of Defendant's conduct.  (Doc. 19, ¶73.)  During Felix's August 14-15, 2014, deposition, he confirmed that he had filed an application for and been granted a disability retirement due to his reduced ability to see, and that he worked for and continues to work for the City of Exeter as a uniformed police officer working on a motorcycle.  (Doc. 38, Horst Decl., ¶ 4, Exh. C at 6:21-7:13, 9:15-25, 19:1-17, 21:24-22:22, 23:2-24:22, 25:10-19, 25:23-26:6, 263:15-19, 263:25-264:3, 2653-14.)

Seeking to investigate Felix's claims that discrimination and harassment by the Defendant had severely adversely affected both his personal life and professional career, Defendant served Plaintiff's counsel with advance notice of a subpoena seeking the City of Exeter's personnel records on July 30, 2014, and on July 31, 2014, Defendant served a subpoena on the City of Exeter seeking production of Felix's personnel records.[2]  (Doc. 38, Horst Decl., ¶¶ 5, 8.)

Prior to the August 21, 2014, response deadline, counsel for the City of Exeter objected to the Request for Production, on the bases that the location for the production of documents is more

---

[2]     Subpoenas were sent out for both plaintiffs, but based on Plaintiff Phelps' deposition testimony that he never worked for the City of Exeter, Defendant only seeks to compel production of Plaintiff Felix's personnel records from the City of Exeter.

3

than 100 miles from the City of Exeter and that the personnel file for Felix is protected from disclosure under 5 U.S.C. §§ 552(b)(5-7) of the Freedom of Information Act.  (Doc. 38, Horst Decl., Exh. E.)  As of the time this Motion was filed, the City of Exeter had not complied with the subpoena and had not produced a copy of the personnel records to defense counsel. (Doc. 38, Horst Decl., ¶ 11.)

### III.   ANALYSIS

**A.   Legal Standard**

The purpose of discovery is to narrow and clarify the issues in dispute, *Hickman v. Taylor*, 329 U.S. 495, 501 (1947), making trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible." *United States v. Procter & Gamble*, 356 U.S. 677, 683 (1958).  The scope of discovery under the Federal Rules of Civil Procedure is extremely broad, and a relevant matter includes any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be relevant in the case.  Fed. R. Civ. P. 26(b).

Because discovery is designed to define and clarify the issues, it is not limited to only those issues raised specifically in the pleadings.  *Haney v. Woods*, 2:11-CV-2196-JAM-EFB, 2013 WL 870665 at *1 (E.D. Cal. Mar. 7, 2013) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978)).  "The question of relevancy should be construed liberally and with common sense" and discovery should be allowed unless the information sought "has no conceivable bearing on the case[.]" *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992) (citing *Oppenheimer Fund*, 437 U.S. at 351).

"When a party resists discovery, he 'has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.'" *Soto v. Castlerock Farming and Transport, Inc.*, 282 F.R.D. 492, 498 (E.D. Cal. 2012) (quoting *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal.1998)).  The court has the power to quash or modify any subpoena requiring disclosure of privileged or other protected matter or subjecting a producing party or non-party to undue burden in production.  Fed. R. Civ. P. 45(b)(1).  Even where, as here, the plaintiff has not opposed the Motions to Compel or moved to quash the

4

subpoenas,[3] the Court retains broad discretion to determine whether a subpoena is unduly burdensome, *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994), or seeks to compel production of documents regarding topics unrelated or outside the scope of the litigation. *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813-14 (9th Cir. 2003). The court "balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena" in determining whether the subpoena is proper. *Edwards v. Cal. Dairies, Inc.*, 1:14-MC-00007-SAB, 2014 WL 2465934 at *2 (E.D. Cal. June 2, 2014), *reconsideration denied*, 1:14-MC-00007-SAB, 2014 WL 3420991 (E.D. Cal. July 14, 2014) (quoting *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-680 (N.D. Cal. 2006)).

**B.    Defendant Is Entitled to a Copy of Plaintiff Felix's Personnel Records, With Production Set Within 100 Miles of the City of Exeter**

In its August 4, 2014, objections, the City of Exeter refused to comply with the subpoena on two grounds. First, that the production of employee personnel files was prohibited under 5 U.S.C. §§ 552(b)(5-7) of the Freedom of Information Act. Second, that the location of the production was more than 100 miles outside of the City of Exeter. Concluding that "the City Attorney should not be balancing the competing privacy/discovery interests between the parties[,]" the City of Exeter invited defense counsel to "request the court to do so." (Doc. 39, Horst Decl., Exh. F.) The Court is able to resolve the City's objections without conducting a lengthy balancing test.

**1.    The Freedom of Information Act is Inapplicable to Records Maintained by a State Agency**

Put simply, the Freedom of Information Act applies only to agencies of the United States – it is *not* applicable to state agencies like the City of Exeter or Exeter Police Department. 5 U.S.C. § 551(1); *see St. Michael's Convalescent Hosp. v. State of California*, 643 F.2d 1369, 1373 (9th

---

[3] Plaintiff Felix also declined to object to the subpoena itself, but his failure to do so did not waive any possible objections he could have raised in an Opposition. See Fed. R. Civ. P. 45(d)(2)(b) (the responsibility to make objections to a Rule 45 subpoena duces tecum belongs to the nonparty serviced with the subpoena); *McCoy v. Southwest Airlines Co.*, 211 F.R.D. 381, 384 (C.D. Cal. 2002) ("Only the nonparty can prevent disclosure by objection. The party to whom the subpoenaed records pertain cannot simply object.") As it is undisputed that the City of Exeter timely served written objections to the subpoenas, it is not obligated to produce documents until Defendant obtains an order from the Court directing compliance, irrespective of Plaintiff's silence on the matter. *See Pennwalt Corp. v. Durand–Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983).

Cir. 1981) (federal Freedom of Information Act and Privacy Act not applicable to state agencies or bodies); *Kerr v. United States Dist. Court for N. Dist. Of California*, 511 F.2d 192, 197 (9th Cir. 1975) *aff'd* 426 U.S. 394 (1976) (Freedom of Information Act is limited to federal government authorities); *Spencer v. Scribner*, 1:06-CV-00291-AWI-WMW-PC, 2008 WL 5265202 at *1 (E.D. Cal. Dec. 16, 2008) (Freedom of Information Act not applicable to state agencies or bodies).  The City of Exeter cannot object to or refuse to comply with Defendant's subpoena duces tecum under the Freedom of Information Act.

### 2. The Request for Production Will Be Modified to Set the Location for Production Within the 100 Mile Statutory Limit

As there is no prohibition to the production of Plaintiff Felix's personnel files under the Freedom of Information Act, the only remaining question is whether the subpoena should be quashed or modified as overly broad or unduly burdensome. Fed. R. Civ. P. 45(b)(1); *Jacobs v. Quinones*, 1:10-CV-02349-AWI, 2014 WL 2091262 (E.D. Cal. May 16, 2014) ("Rule 45 requires the subpoena's recipient to produce the requested information and materials, provided the issuing party takes reasonable steps to avoid imposing undue burden or expense.") (internal citations and quotations omitted).  There is a 100 mile "bulge" limit for the location of production, beyond which production is considered unduly burdensome, Fed. R. Civ. P. 45(c)(1)(A), and the Court may modify a subpoena to remove such undue burden or expense. Fed. R. Civ. P. 45(d)(3)(A)(ii). As Defendant has agreed to modify its request so that inspection of the documents occurs at the City of Exeter's storage location, (Doc. 38, 9,) the City of Exeter's personnel records for Plaintiff Felix must be produced to Defendant in compliance with the modified subpoena duces tecum.

### IV.   CONCLUSION AND ORDER

For the reasons set forth above, Defendant's Motion to Compel the City of Exeter / Exeter Police Department is GRANTED in part, subject to modification moving the location of production to the City of Exeter.

///

///

///

6

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's Motion to Compel Compliance With Subpeona Duces Tecum as to the City of Exeter / Exeter Police Department is GRANTED as modified with regard to the location of production.

IT IS SO ORDERED.

Dated:   **October 28, 2014**                            **/s/ Sheila K. Oberto**
                                                     UNITED STATES MAGISTRATE JUDGE