# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FELIX and JACK PHELPS, individuals,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>THE STATE OF CALIFORNIA, DEPARTMENT OF DEVELOPMENTAL SERVICES, OFFICE OF PROTECTIVE SERVICES,<br><br>　　　　　　Defendants.<br>_____/ | Case No.  1:13-cv-561-SKO<br><br>**ORDER RE INFORMAL TELEPHONIC DISCOVERY DISPUTE CONFERENCE** |

　　　　The parties, as well as counsel for third-party deponents, appeared on January 14, 2015, for an informal telephonic discovery dispute conference regarding third-party witness deposition testimony.  Lawrence King, Esq., appeared for third-party deponents Woodside, Huff, and Arcure who have either been deposed or have been served with deposition notices by Defendants.  Kevin Schwin, Esq., and Dean Gordon, Esq., appeared on behalf of Plaintiffs.  Mary Horst, Esq., appeared on behalf of Defendants.

　　　　Mr. King presented concerns regarding potential retaliation against third-party deponents Woodside, Huff, and Arcure based on statements that have been made or may be made during their depositions.  Mr. King sought a protective order precluding Defendants' counsel from

disclosing statements made during the third-party depositions.

After considering the parties informal briefs and argument, the Court finds a protective order is not warranted to sufficiently enable witnesses to testify truthfully without fear of retaliation. While the Court understands the third-party deponents' fears, the Court is also mindful that Defendants are entitled to conduct the necessary investigation to defend the action and cannot be precluded from such investigation. To balance the interests of the parties, the Court and the parties' counsel discussed a specific admonition that counsel shall make to their clients not to engage in *any* retaliatory conduct.

The Court also hereby ADMONISHES ALL PARTIES that engaging in any form of retaliatory conduct for statements made by third-party deponents Woodside, Huff, and Arcure, or any witness or party, is *unlawful* and there will be *severe and adverse consequences* for any person or party engaging in such behavior.

Finally, the parties requested that the non-expert discovery deadline be extended to March 13, 2015, to accommodate certain depositions which have been postponed until after mediation next week as a cost-saving measure. The parties agreed that no other scheduling deadlines required modification, and they agreed to draft and submit a stipulation for the Court's review.

IT IS SO ORDERED.

Dated:   **January 15, 2015**              /s/ Sheila K. Oberto
                                                         UNITED STATES MAGISTRATE JUDGE